**In re Carlos RENTAS, Debtor.**

**Carlos RENTAS, Petitioner,**

**v.**

**NEW YORK STATE HIGHER EDUCATION SERVICES, CORP., Respondent.**

**Bankruptcy No. 82 B 20683.**

United States Bankruptcy Court, S.D New York.

Dec. 8, 1987.

Jeffrey L. Sapir, Hartsdale, N.Y., for Carlos Rentas.

Wood, Williams, Rafalsky & Harris, New York City, for respondent.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Chapter 13 debtor, Carlos Rentas, has moved for an order holding the Respondent, New York State Higher Education Services Corp. ("NYSHESC") in contempt for violating the automatic stay imposed under 11 U.S.C. § 362, for monetary sanctions and for attorneys' fees, costs and disbursements. The debtor contends that NYSHESC has harassed him by making repeated demands for repayment of a student loan that was discharged in this Chapter 13 case.

## FACTS

1. In 1980, the debtor obtained student loans in the sum of $8,750 from the National Bank of North America for the purpose of taking courses at Mercy College and New York University. The loans were guaranteed by NYSHESC. Repayment of the loans was to commence on March 1, 1984.

2. On November 15, 1982, the debtor filed with this court his petition for an adjustment of his debts in accordance with Chapter 13 of the Bankruptcy Code. The debtor listed in his schedules his obligation to the National Bank of North America. However, he did not list this debt as a student loan. Moreover, he failed to list NYSHESC as a contingent creditor.

3. On July 19, 1983, the debtor's Chapter 13 plan was confirmed by this court.

4. NYSHESC did not receive notice of the commencement of the debtor's Chapter 13 case until after the debtor was obligated under the loans to commence payment on March 1, 1984. In order to protect its interests, NYSHESC filed a proof of claim for $8,750 on November 6, 1984. This proof of claim was filed beyond the time period for filing proofs of claim in this case, which was 90 days after the first date set for the meeting of creditors in accordance with Rule 3002(c) of the Bankruptcy Court Rules.

5. On July 29, 1986, this court issued a Notice of Discharge pursuant to 11 U.S.C. § 1328(c), which relieved the debtor from

all debts provided for by the plan except any debt under 11 U.S.C. §§ 1322(b)(5) and 523(a).

6. Not having been listed as a creditor, NYSHESC continued to send default notices to the debtor after his discharge and continued to threaten the commencement of collection proceedings.

7. There was no proof that NYSHESC had any knowledge of the debtor's Chapter 13 discharge.

## DISCUSSION

Pursuant to 11 U.S.C. § 362(c)(2)(C), the automatic stay does not continue after a discharge is granted or denied in a case under Chapters 7, 9, 11, 12 or 13. However, the Notice of Discharge that was granted to the debtor on July 29, 1986, specifically contained a court order which provided in relevant part as follows:

3. All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from commencing, continuing or employing any action, process or act to collect, recover or offset any such debt as a personal liability of the debtor, or from property of the debtor, whether or not discharge of such debt is waived.

The above provision is consistent with the provisions in 11 U.S.C. § 524(a)(2) and contained in this court's order which state:

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debtor is waived.

Thus, even though the automatic stay was no longer applicable after the debtor's Chapter 13 discharge, he was entitled to the benefit of the injunction against collection efforts imposed under 11 U.S.C. § 524(a)(2) and contained in this court's order which was incorporated in the Notice of Discharge.

NYSHESC cannot be faulted for having continued collection efforts against the debtor in view of the fact that NYSHESC was not listed as a contingent creditor in the debtor's schedules. The debtor merely listed the loan which he obtained from the National Bank of North America. He never indicated that it was a student loan guaranteed by NYSHESC. Thus, there was no evidence that NYSHESC ever received notice of the filing of the debtor's Chapter 13 petition. The fact that NYSHESC belatedly filed a proof of claim does not mean that NYSHESC ever received notice of the debtor's Chapter 13 discharge after he completed the payments called for under his three year payment plan.

In order for the debtor to sustain his contempt motion against NYSHESC he must first establish by clear and convincing evidence that NYSHESC had notice of his Chapter 13 discharge. *Fidelity Mortgage Investers v. Camelia Brothers, Inc.*, 550 F.2d 47 (2d Cir.1976), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977). In this case, the debtor has failed to establish that NYSHESC willfully violated the injunction accompanying his Chapter 13 discharge.

## CONCLUSIONS OF LAWS

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. The debtor has not established by clear and convincing evidence that NYSHESC has knowledge of his Chapter 13 discharge.

3. The debtor's motion to hold NYSHESC in contempt of court is denied.

IT IS SO ORDERED.